114] *LESSEE OF SAGE KELLOGG v. ANTHONY MCLAUGHLIN.

A sale of land for taxes is not valid, unless the record of the advertisement of the list of delinquents for four weeks, between the first of October and the first of December, be recorded in the auditor's office as the law requires.

ACTION of ejectment, reserved in the county of Richland.

This action was brought to recover the possession of lot number 34, in the town of Vermillion, Richland county. The case, by consent of parties, was submitted to the court. The plaintiff claims title under a deed executed by the county auditor, pursuant to a sale for tax. The town lot in question appeared to have been regularly entered for taxation, although not in the name of the rightful owner, and was returned delinquent for the non-payment of the tax of 1831, and was sold for the tax of this year, together with the accruing interest and penalty, and the tax of 1832. In support of his title, the plaintiff offered in evidence a certificate of the county auditor contained in his records, wherein it is alleged that said auditor had caused the delinquent list for taxes to be published, in a newspaper printed in said county of Richland, for four successive weeks, " between the *first Monday* in October and the *first Monday* in December in the year 1832." This evidence was objected to, because it did not appear from said certificate that said delinquent list had been published four weeks, between the *first day* of October and the *first day* of December of that year. This objection was sustained by the court, and the testimony rejected. Whereupon the plaintiff offered to prove, by parol, that the delinquent list was actually published four weeks, between the *first days* of October and December, and the question whether such evidence could be properly received, was reserved for decision by the court in bank.

The case was argued by BARTLEY, for the plaintiff, and by BARR, for the defendant.

Judge HITCHCOCK delivered the opinion of the court:

Although the question reserved does not necessarily require it, still it seems proper, in the first place, to consider, whether the court properly rejected the evidence offered from the records of the county auditor. For if, in this particular, there was error, the

other evidence offered is unnecessary, and without it the plaintiff will be entitled to judgment.

The circumstances under which lands may be sold for taxes are pointed out in the law, "prescribing the duties of county auditors," 29 Ohio L. 280, taken in connection with the law *"prescribing the duties of county treasurers." 29 Ohio L. [**115** 291. And the first of these laws prescribes the manner of sale. By section 46 of the former act, it is provided "that every tract of land and town lot offered for sale by the treasurer, as in said act provided, and not sold for want of bidders, shall be, and is declared to be forfeited to the State of Ohio, and thenceforth, all the right, title, claim, and interest of the former owner or owners thereof shall be considered as transferred to, and vested in said state, to be disposed of as the legislature may, by law, direct." It is conceived that a penalty so severe as this can not with propriety attach, unless the officers of the government, its agents, have strictly complied with and fulfilled their duty. The law must have been strictly performed.

In the case before the court, the lands were not forfeited to the state, but when offered by the treasurer were sold for the taxes. But had they not been sold, the penalty of forfeiture would have attached. It would seem to follow, that unless the forfeiture would have been legal, the sale itself can not be legal, and can confer no title, for it would be absurd to say that a sale can be good when the preliminary proceedings have been so defective, that had there been no sale, there could have been no legal forfeiture.

In the act before referred to, "prescribing the duties of county auditors," the duties of that officer are pointed out plainly, and specifically, and it would seem that there was no necessity that they should be mistaken. In section 30, it is required that the county auditor, as a preparatory step to the sale of lands for taxes, "shall cause the delinquent list to be published at least four weeks, between the first day of October and the first day of December, in some newspaper, printed in his county, if any be printed therein," with a notice attached that the lands will be sold on the last Monday of December, unless the tax shall be paid before that time.

In section 3, it is provided "that the county auditor shall, before the day of sale mentioned in such notice, record in a book to be provided for that purpose such delinquent list and notice,

copying the same from the paper in which they shall have been published, and shall certify, at the foot of said record, the name of said paper, and the length of time such list and notice were continued therein."

The object of these two sections is manifest. The design of the first is to give notice to the public what lands are to be sold, and to give notice to the proprietors of these lands, that unless the taxes are paid, the lands will be offered for sale on the day **116]** *specified. The design of the last, that there may be at all times in the auditor's office record evidence that the requisitions of the law, directing notice to be given, have been complied with.

The evidence offered in the present case and rejected, showed that the delinquent list had been published four weeks in succession in a newspaper printed in the county of Richland, after the first day of October, 1832; but it did not show that the last of these publications was before the *first day* of December in that year. It was before the *first Monday* in December, but the first Monday was not the first day of the month. It did not then conduce to prove the fact, that publication had been made within the time, and in the manner required by the statute, and it was therefore properly rejected.

The next question, then, and the one reserved is, can the fact that the publication was actually made within the time prescribed by the law, be proven by parol. The auditor's record, although evidence, can not be held conclusive upon a person defending against a forfeiture, or a tax title. The auditor is not *his·* agent, but the agent of the government. Of course, he ought not to be concluded by the acts or records of that officer. Such person might show, by matter *dehors*, that the law had not been complied with, as that the delinquencies had not been returned, that the delinquent list had not been published at all, that it had not been published at the proper time, or that it had been published in a different paper from the one named by the auditor.

But the case is different where an individual claims under such title. The law has made provision that a record shall be made of all the proceedings in matters of this sort, by means whereof titles of this description may be ascertained. It is under, or in pursuance of these records, that the tax purchaser claims title, and unless they show in him a legal right, such right can not be

.shown by parol. As our laws are now constituted, it would be a dangerous principle to adopt, that tax titles may be sustained partly by record and partly by parol proof. If the county auditor had failed entirely to make the record required in section 31 of this act, it will hardly be contended that parol proof of the facts therein required to be recorded could be admitted. But no reason can be assigned against receiving such evidence which may not, with equal force, be assigned against receiving the evidence now offered. In the opinion of the court, this evidence can not be received. Judgment must therefore be rendered for the defendant.